IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,404-01






EX PARTE JIMMIE LEE HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 40,993-B IN THE 78TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to ten (10) years' imprisonment. The Second Court of Appeals dismissed his appeal. See
Henderson v. State, No. 02-04-00554-CR, (Tex. App.- Fort Worth, 2005, no pet.) (not designated
for publication). 

 Applicant contends that he is being denied credit for time spent confined on this cause
number in a state jail facility in Florida. The trial judge has entered findings of fact and conclusions
of law recommending that Applicant be granted 178 days time credit for time spent confined in
Florida. However, the record does not contain any documentation verifying that Applicant was on
parole during the period of time he was confined in Florida. Further, the record does not show
whether the TDCJ has considered Applicant's time complaint and awarded him the time credit
sought. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the General Counsel's Office of the Texas Department of Criminal Justice to
obtain affidavits from the appropriate TDCJ officials addressing: (1) whether Applicant has been
placed on parole in this cause and, if so, the date he was placed on parole; (2) whether any parole-revocation warrants issued in this cause and, if so, the dates of the issuance of such warrants; (3)
whether the TDCJ placed any detainers on Applicant while he was confined in Florida and, if so, the
dates of such detainers; (4) whether Applicant has received credit for any period of time he was
confined in Florida and, if so, the amount of time he was credited; and, (5) whether Applicant has
submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim
was submitted. The trial judge shall also supplement the record with a copy of Applicant's record
from the Florida Department of Corrections. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant was on parole during the time he was
confined in Florida, and, if so, whether a detainer was placed on him. The trial judge shall make
findings of fact as to whether this conviction was the sole reason for Applicant's confinement in
Florida and, if not, shall specify the reasons for Applicant's confinement. The trial judge shall also
make findings of fact as to whether the TDCJ has given Applicant credit for the period of time he
was confined in Florida and, if so, whether Applicant is receiving the proper amount of credit. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 29, 2008

Do not publish